DA 13-0236

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 305N

RORY HORNING,

      Plaintiff and Appellant,

  v.

CITY OF POLSON, a Montana Municipal
Corporation; JAMES RAYMOND, an individual;
and TODD CROSSETT, an individual,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 12-85
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          William A. Schreiber; Attorney at Law; Polson, Montana

      For Appellees:

          John Francis Haffey; Phillips Haffey PC; Missoula, Montana

Submitted on Briefs:  September 18, 2013

Decided:  October 16, 2013

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rory Horning (Horning) appeals from the District Court's order granting summary judgment to Defendants City of Polson (City), James Raymond (Raymond), and Todd Crossett (Crossett), on all of Horning's claims arising out of his participation, or asserted right to participate, in meetings of the Polson City Council, and from the District Court's discovery rulings.

¶3 Horning actively participates in City government activities, including attending City Council meetings. Following a public information meeting on May 18, 2011, facilitated by Crossett, the City Manager, Crossett sought and obtained a temporary order of protection from the Lake County Justice Court restraining Horning from coming within 500 feet of Crossett, Crossett's family members, their home, Polson Middle School, Crossett's wife's workplace, and any public meeting where Crossett was required to be present. According to Crossett's affidavit, during the meeting, Crossett had instructed Horning and another attendee to cease arguing, and also stopped Horning from restarting the argument. Crossett asserted that, after the meeting, Horning had approached him and threatened him ("if you ever do that again . . . you are going to get

2

some of me."). Crossett's prior experiences with Horning led him to believe that Horning was a threat to his family and himself. The Justice Court issued the order on May 20, 2011, and set a hearing on the protection order for June 8, 2011.

¶4 The order of protection precluded Horning from attending the June 6, 2011 meeting of the City Council. The order was discontinued by the Justice Court after the hearing that was conducted on June 8. Horning attended the June 20 City Council meeting, during which Horning engaged another citizen, Kevin Avison, in an argument. After Horning repeatedly interrupted Avison and was reminded several times by Mayor Pat DeVries that Avison had the floor, Horning was asked to leave the meeting. Horning threatened litigation as he left.

¶5 Horning filed this action against the City, Crossett, and City Attorney James Raymond in April 2012, asserting claims that he was deprived of his constitutional right to participate in government proceedings and peaceably protest, deprived of his right of free speech, and was subjected to public humiliation, embarrassment and slander. After the City answered on behalf of the Defendants,[1] the parties engaged in discovery. On October 11, 2012, the City moved for summary judgment. On November 29, 2012, Horning filed motions to address the City's objections to certain discovery requests and for sanctions, including striking of the City's affirmative defenses. However, on

---

[1] Defendants Crossett and Raymond were not listed in the caption of the complaint and their names did not appear in the captions of the pleadings thereafter until summary judgment was entered in favor of the City. However, the complaint stated allegations against them and they have been treated as defendants throughout the litigation. All of the Defendants have been represented by the same law office.

December 3, 2012, the District Court granted summary judgment to the City, holding that Horning's rights to participate and protest were not violated because he had a reasonable opportunity to participate, including means to provide input at the June 6, 2011 meeting he was precluded from attending, and that, in any event, his claims were untimely filed. Regarding the June 20, 2011 meeting, the District Court ruled it was not unreasonable for Mayor DeVries to ask Horning to leave for his disruptive behavior. The District Court dismissed Horning's defamation-related claims on the ground they were based upon privileged communications. Defendants Crossett and Raymond then moved for summary judgment and, in an order largely paralleling its summary judgment order in favor of the City, the District Court likewise granted summary judgment in their favor. It then denied Horning's pending motions as moot.

¶6      On appeal, Horning argues that the District Court erred by denying his discovery-related motions as moot, and thereby deprived him of the full opportunity to engage in discovery and provide the court with additional evidence. He also argues that the District Court failed to consider all of the evidence in the case, particularly in regard to the other restrictions upon his movement and freedom imposed by the order of protection beyond precluding him from attending the June 6, 2011 Council meeting, and other slanderous statements made by the Defendants, and that the District Court improperly viewed the evidence in favor of the City, instead of viewing the evidence in his favor as the party opposing summary judgment. The Defendants argue that the District Court properly dismissed Horning's right to participate claims, that the Defendants' statements to and

about Horning were not slanderous, and that Horning's further claims were not properly preserved for appeal. They also argue that Horning did not request that discovery be compelled, did not avail himself of affidavits to oppose summary judgment, and that discovery was not improperly foreclosed by the District Court's determination that the claims failed as a matter of law.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and record on appeal, we conclude that Horning has not demonstrated reversible error by the District Court and that the legal issues raised are controlled by settled law that the District Court correctly applied. Further, the District Court did not abuse its discretion in resolving the discretionary discovery issues.

¶8 Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ BRIAN MORRIS
/S/ LAURIE McKINNON

5